JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-06108-JHN-JEMx | Date | October 22, 2010 |
|---|---|---|---|
| Title | HSBC Bank USA NA v. Tyrone Maher et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:    ORDER REMANDING CASE TO THE LOS ANGELES SUPERIOR COURT**

On August 17, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446. However, the jurisdictional allegations are defective.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983). In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996); *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Removing Defendant argues in his Notice of Removal ("Notice") that "Plaintiff's written lawsuit arises from a dispute regarding wrongful foreclosure proceedings... [and that the] invalid trustee's sale and wrongful foreclosure centers around various federal civil rights violations; such as, national banking laws regulated by statutes passed by Congress... Equal Credit Opportunity Act (ECO), the Community Re-Investment Act of 1977 (CRA), the Home Mortgage Disclosure Act (HMDA), the Truth in Lending (TILA), Federal Reserve Board Regulation Z, 12 C.F.R. § 226... Home Ownership and Equity Protection Act of 1994 ("HOEPA) Section 8 of

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-06108-JHN-JEMx | Date | October 22, 2010 |
|---|---|---|---|

| Title | HSBC Bank USA NA v. Tyrone Maher et al. |
|---|---|

the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607, and its implementing regulations at 24 C.F.R. Part 3500." (Notice 2–3.) Contrary to the assertion of Removing Defendant, the Complaint alleges a single state law cause of action for unlawful detainer arising out of state law. Removing Defendant's conclusory assertions that these allegations arise under federal law does not demonstrate how the state law allegations "necessarily turn" on federal law. Removing Defendant does not present a nexus between the allegations of jurisdiction in the Notice and the facts or claims alleged in the Complaint.

Accordingly, the matter is hereby REMANDED to the Los Angeles Superior Court. The Pending Application for Temporary Restraining Order (docket no. 3) is hereby DENIED as MOOT.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AL | |